REGAN, Judge.
This suit was instituted[1] by the plaintiff, /v & M Pest Control Service, Inc., the employer, against the defendant, Gerald J. Tullier, the employee endeavoring to obtain an injunction prohibiting the defendant from calling upon any of the plaintiff’s customers for the purpose of soliciting or selling pest control services to them and from diverting their patronage from the plaintiff.
*882 The basis of the plaintiff’s request for an injunction is the existence of a contract by virtue of which the defendant agreed therein not to solicit the plaintiff’s customers for a period of two years after the termination of his employment.
The defendant pleaded the exception of no cause of action predicated upon the postulation that the contract is void and unenforceable, since it is contrary to public policy as evidenced by the rationale emanating from R.S. 40¡1270(B).[2]
The lower court sustained the defendant’s exception of no cause of action and dismissed the plaintiff’s suit for the reason that the contract violates the provisions of R.S. 40¡1270(B) and also R.S. 23:921, as amended.
While this case was pending on appeal, the plaintiff filed a motion to remand it to the lower court, based upon the rationale emanating from A & M Pest Control Service, Inc. v. La Burre,[3] wherein it was decided that R.S. 40:1270(B) was unconstitutional.[4] A similar procedure was recently used by us in the case of A & M Pest Control Service, Inc. v. Denny.[5] However, in that case the only issue was whether the contract was prohibited by R.S. 40:-1270(B), while in this case there is the additional question posed for our consideration of whether the contract violates R.S. 23 ¡921, the general statute regulating non-competition contracts.
In view of the fact that only one of the statutes relied upon by the trial court to invalidate the contract has been declared unconstitutional, there remains an issue left to be resolved upon argument on the merits of the exception. Therefore, a remand hereof to the lower court before we decide the applicability of R.S. 23:921 to the contract, which now forms the subject matter of this litigation, would be premature. In the course of oral argument before us, counsel for the plaintiff conceded the validity of this conclusion, and therefore abandoned his motion to remand to the lower court.
For the foregoing reasons, the plaintiff’s motion to remand this case to the lower court is denied, and it is ordered that this case be set for argument in conformity with law. All costs incurred in connection with this motion are hereby taxed against the plaintiff; all other costs are to await a final determination of this cause.
Motion denied.

. This suit was filed on October 17, 1963.

. “B. No licensed pest control operator shall require any of his employees to execute any written employment contract containing, or to bind said employee in any way to, a negative covenant which would prohibit or restrain said employee from engaging in similar work with any other operator upon said employee’s resignation or discharge from his job with the said employer operator, nor shall said employer operator by contract or otherwise prevent said employee upon securing a pest control operators license of his own from engaging in the business of pest control operator as defined by this act in competition with said employer operator. The purpose of this Section is to prohibit pest control operators from attempting to avoid competition by execution of such private contracts.” (Repealed. Acts 1904, No. 252, § 1.)

. 247 La. 315, 170 So.2d 855.

. The rationale of the Supreme Court’s opinion is that the amendment to R.S. 40 ¡1270(B) is in violation of Art. 3, § 16 of the Louisiana Constitution of 1921, which requires that every law enacted by the Legislature shall embrace but one object, and shall have a title indicative of such object.

. 175 So.2d 732, Court of Appeal, Fourth Circuit, May 3, 1965.